On the motion Case 7:25-cv-09013-CS Document 16 of Appeal Filed 02/23/26 Page 1 of 9 pursuant to
Fed. R. Bankr. Proc. 8023(b), with Debtor/Appellant to bear the taxable costs pursuant to Fed. R. Bankr.
Proc. 8021(a)(1).  The Clerk of Court is respectfully directed to terminate ECF No. 13 and close the case.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

SO ORDERED.

*Cathy Seibel*

CATHY SEIBEL, U.S.D.J.

2/23/26

| In Re: | Chapter 11 |
|---|---|
| Endi Plaza LLC, | Case No:  7:25-cv-09013-CS |
| Debtor/Appellant. | |

## APPEAL FROM ORDER GRANTING FANNIE MAE'S MOTION TO DISMISS CHAPTER 11 CASE AND DISMISSING CHAPTER 11 CASE

## Appellant's Motion to Dismiss Appeal Under Fed. R. Bankr. P. 8023(b)

**A.Y. STRAUSS LLC**

**VOGEL LAW FIRM**

BY:

Eric H. Horn, Esq.
David S. Salhanick, Esq.
290 West Mount
Pleasant Avenue, Suite
3260
Livingston, New Jersey
07039
Tel. (973) 287-0966
Fax (973) 533-0127
*Counsel to Endi Plaza
LLC*

BY:

Drew J. Hushka, Esq. (*pro hac vice*)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Tel. (701) 237-6983
Fax (701) 356-6395
*Counsel to Endi Plaza LLC*

## INTRODUCTION

Appellant Endi Plaza LLC ("Appellant") respectfully moves the Court to dismiss its appeal pursuant to Federal Rule of Bankruptcy Procedure 8023(b).  Dismissal is warranted to conserve limited resources—both of Appellant and the Court, and because no prejudice will result from dismissal.

## PROCEDURAL BACKGROUND

On September 18, 2025, without allowing the requested evidentiary hearing concerning the alleged bad faith filing, the Bankruptcy Court issued an oral ruling dismissing Appellant's Chapter 11 case based on bad faith and imposing a 12-month bar for Appellant to re-file for bankruptcy.  R. Doc. 52, at 26:5-9.  On October 9, 2025, the Bankruptcy Court entered an Order dismissing Appellant's Chapter 11 case and prohibiting Appellant from filing any future bankruptcy petition for the next 12 months.  R. Doc. 53.  On October 21, 2025, Appellant then filed its notice of appeal challenging the Bankruptcy Court's Order Granting Fannie Mae's Motion to Dismiss Chapter 11 Case and Dismissing Chapter 11 Case.  R. Doc. 55.

While prosecuting the appeal before this Court, Appellant moved the Bankruptcy Court to stay the dismissal Order.  R. Doc. 56.

Appellant's motion came before the Bankruptcy Court for argument on November 24, 2026. The Bankruptcy Court failed to rule on Appellant's motion until January 23, 2026, at which time the Bankruptcy Court granted the motion (the "Bond Order"). R. Doc. 69. In granting the requested relief, the Bankruptcy Court found that: (1) Appellant presented a likelihood of success on the merits, *id.* at 3-4, and (2) Appellant would be irreparably harmed absent a stay. *Id.* at 4-5. But the Bankruptcy Court conditioned the stay on Appellant's posting of a $3,300,000.00 bond "within seven days[]" of the Bond Order. *Id.* at 8-9.

During the November 24th hearing, Appellant argued that a $3,300,000.00 bond would be excessive. Specifically, Appellant argued that, while approximately $3,300,000.00 in interest—the aggregate of $15,000.00 in per diem interest for the estimated seven-month appeal duration—would accrue during the pendency of the appeal, that amount should be reduced by approximately $370,000.00 per month in rents that Appellant would collect and hold for Appellee's benefit because no cash collateral order had been approved. Accordingly, Appellant argued that no more than $560,000.00 was necessary to protect Appellee from any potential shortfall. Neither the Bankruptcy Court, nor the Appellee,

disputed these calculations, but the Bankruptcy Court still imposed a $3,300,000.00 bond as a condition for a stay on appeal.

Following entry of the Bond Order, the New York City—and the Northeast more generally—experienced significant snowfall, severely hampering business operations. Despite diligent and good faith efforts by Appellant and its professionals, Appellant quickly determined that it would be unable to procure a $3.3 million bond by the January 30, 2026, deadline set out in the Bond Order. As such, Appellant sought additional time to secure the bond. R. Doc. 72. The Bankruptcy Court granted an "extension of time to secure a bond for one week," but cautioned that "no further extensions of time w[ould] be granted." R. Doc. 73, at 2.

Despite Appellant's diligent and good faith efforts to secure the multi-million-dollar bond, Appellant was unable to finalize the bond within the additional week. Accordingly, Appellant sought additional time from the Bankruptcy Court, attaching a Declaration from Matthew Wilkoff, President of Wilkoff Bonds, affirming that, based on the normal approval timeline of bonding companies, an extension of the bond deadline through February 23, 2026, was necessary to secure the bond.

On February 5, 2026, the Bankruptcy Court held a hearing on Appellant's request, at which time Mr. Wilkoff appeared and orally reiterated the need for additional time as set forth in his Declaration. However, the Bankruptcy Court refused to grant the requested relief, instead only approving one additional week—for a total of three weeks from the initial Bond Order.

As an alternative to a bond, Appellant offered to deposit $3.3 million with the Bankruptcy Court to serve as security for Appellee. The Bankruptcy Court rejected this alternative as well.

Since February 5, 2026, Appellant has continued to work diligently and in good faith to procure the bond required by the Bond Order. However, to date, Appellant has been unsuccessful in securing such a bond in that timeframe. In light of its inability to procure the bond required by the Bankruptcy Court to maintain the current stay before the Bankruptcy Court's deadline, and in light of the Bankruptcy Court's rejection of the reasonable alternative of a cash deposit, and because, absent a stay, Appellant will experience "actual, imminent, and irreparable harm[]" regardless of the outcome of this appeal, Appellant

has elected to conserve its—and the Court's—limited resources, and seeks the voluntary dismissal of this appeal.

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8023(b) provides that, where an appellant moves to dismiss their appeal, a district court may dismiss the appeal "on terms agreed to by the parties or fixed by the district court." Fed. R. Bankr. P. 8023(b).

## ARGUMENT

## I.    Dismissal is appropriate under Rule 8023(b).

Appellant has voluntarily moved to dismiss its appeal. Appellant has presented good faith arguments for reversal on its appeal, as recognized by the Bankruptcy Court. *Cf.* R. Doc. 69, at 3-4 (finding Appellant presented a reasonable likelihood of success on the merits of its appeal). Nonetheless, in light of Appellant's inability to secure a bond in the excessive amount required by the Bankruptcy Court, and in the abbreviated timeline allowed by the Bankruptcy Court, Appellant has determined that it is in its best interests, as well as in the interests of the Court, to conserve limited judicial resources, to seek the voluntary dismissal of this appeal.

## II.    Terms of Dismissal.

If the Court grants this motion, Appellant requests entry of an order providing that: (a) the appeal is dismissed pursuant to Rule 8023(b); (b) that Appellant shall bear the taxable costs consistent with Rule 8021(a)(1); and (c) the Clerk shall close the case.

### CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court dismiss this appeal under Federal Rule of Bankruptcy Procedure 8023(b) on the terms set forth above, and grant such other and further relief as the Court deems just and proper.

Dated: February 13, 2026. **A.Y. STRAUSS LLC**

By:    */s/ Eric Horn*

Eric H. Horn, Esq.
David S. Salhanick, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

Dated: February 13, 2026. **Vogel Law Firm**


By:   */s/ Drew Huska*
 
Drew J. Huska, Esq. (*pro hac vice*)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Tel. (701) 237-6983
Fax (701) 356-6395

*Counsel to Endi Plaza LLC*

## Certificate of Compliance with Word Limit

1.     This document complies with the type-volume limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,021 words.

2.     This document complies with the typeface requirements of Fed. R. Bankr. P. 8013(f)(2) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook font.

Dated: February 13, 2026.   **A.Y. STRAUSS LLC**


By:    */s/ Eric Horn*
         Eric H. Horn, Esq.
         David S. Salhanick, Esq.
         290 West Mount Pleasant Avenue, Suite 3260
         Livingston, New Jersey 07039
         Tel. (973) 287-0966
         Fax (973) 533-0127

Dated: February 13, 2026.   **Vogel Law Firm**


By:    */s/ Drew Huska*
         Drew J. Huska, Esq. (*pro hac vice*)
         218 NP Avenue
         PO Box 1389
         Fargo, ND  58107-1389
         Tel. (701) 237-6983
         Fax (701) 356-6395

         *Counsel to Endi Plaza LLC*